UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JASON A. JOHNSON, a/k/a Jason Alan Johnson,<br><br>           Plaintiff,<br><br>      -vs-<br><br><br>CHIEF FREDDIE ARWOOD, OFC. CHAPMAN, and SGT. RODNEY HOPE,<br><br>           Defendants. | Civil Action No.: 4:13-cv-2525-MGL-TER<br><br><br><br><br>**ORDER** |

Plaintiff, who is proceeding pro se, brings this action alleging violation of his constitutional rights pursuant to 42 U.S.C. § 1983. Presently before the Court are Plaintiff's Motion to Amend his Complaint (Document # 23), Plaintiff's Motion to Appoint Counsel (Document # 26), and Plaintiff's Motion to Compel Discovery (Document # 32).[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

A.      Plaintiff's Motion to Amend Complaint

Plaintiff filed a Motion to Amend his Complaint on December 6, 2013. The Scheduling Order deadline for such Motions was December 2, 2013. Thus, Plaintiff's Motion is untimely. Even if Plaintiff's Motion was timely, it would still be denied as futile. For a motion to amend to be denied for futility, the amendment must be "clearly insufficient or frivolous on its face." Johnson v. Oroweat Foods Co., 785 F.2d 503, 510-11 (4th Cir.1986); see also Rambus, Inc. v. Infineon Technologies, AG, 304 F.Supp.2d 812, 819 (E.D.Va.2004); Robinson v. GEO Licensing Co., L.L.C.,

---

[1] Also pending is Defendants' Motion for Summary Judgment (Document # 33), which will be addressed by separate Report and Recommendation.

173 F.Supp.2d 419, 423 (D.Md.2001). In his Motion, Plaintiff does not seek to add any new factual allegations or legal claims. In fact, it is not clear how the proposed amendment differs from the current Complaint. Thus, allowing the requested amendment would be futile. Accordingly, Plaintiff's Motion to Amend his Complaint is denied as untimely and futile.

  B. Plaintiff's Motion to Appoint Counsel

Plaintiff asks that the Court appoint counsel in this case for several reasons: he is unable to afford counsel, the issues in this case are complex and he has limited access to the law library, he has no way to review the recorded video of the incident in question, counsel would be better able to cross-examine witnesses, and he has made repeated efforts to retain counsel to no avail.

While the court has discretionary authority to "request an attorney to represent any person unable to afford counsel" under 28 U.S.C. § 1915(e)(1), "it is well settled that in civil actions the appointment of counsel should be allowed only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir.1975) (internal citation omitted). Whether exceptional circumstances exist depends on "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir.1984) (quoting Branch v. Cole, 686 F.2d 264, 266 (5th Cir.1982)). Plaintiff's case does not involve complex issues. Furthermore, Plaintiff's filings in this case demonstrate that he can sufficiently articulate his claims and prosecute his case. A review of this case as a whole reveals that exceptional circumstances do not exist that would warrant the appointment of counsel. Accordingly, Plaintiff's Motion to Appoint Counsel is denied.

  C. Plaintiff's Motion to Compel Discovery

Plaintiff seeks an order compelling Defendants to respond to Interrogatories and Requests for Production that he served on December 6, 2013. Defendants produce a copy of Plaintiff's Certificate of Service dated December 6, 2013. Certificate of Service (Ex. A to Def. Response

(Document # 38)). However, Defendant also produces a copy of the envelope within which Plaintiff's discovery responses were served, which includes a postmarked date of December 19, 2013. Envelope (Ex. B to Def. Response). The Scheduling Order in this case provides a January 3, 2014, discovery deadline. It also provides that all discovery requests shall be served in time for the responses thereto to be served by this date. Scheduling Order (Document # 20). Because Rules 33 and 34, Fed.R.Civ.P, allow thirty days for a party to respond to discovery requests, Plaintiff's discovery should have been served no later than December 4, 2013. Thus, Plaintiff's Interrogatories and Requests for Production were not timely served and his Motion to Compel is denied.

For the reasons discussed above, Plaintiff's Motion to Amend his Complaint (Document # 23) is **DENIED**, Plaintiff's Motion to Appoint Counsel (Document # 26) is **DENIED**, and Plaintiff's Motion to Compel Discovery (Document # 32) is **DENIED**.

**IT IS SO ORDERED.**

    s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

March 18, 2014
Florence, South Carolina