UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JASON A. JOHNSON, a/k/a Jason Alan Johnson, | ) ) Civil Action No.: 4:13-cv-2525-MGL-TER |
| Plaintiff, | ) ) ) |
| -vs- | ) ) ) **REPORT AND RECOMMENDATION** |
| CHIEF FREDDIE ARWOOD, OFC. CHAPMAN, and SGT. RODNEY HOPE, | ) ) ) ) |
| Defendants. | ) ) ) |

**I.     INTRODUCTION**

Plaintiff, who is proceeding pro se, brings this action alleging violation of his constitutional rights pursuant to 42 U.S.C. § 1983. Presently before the Court is Defendants' Motion for Summary Judgment (Document # 33). Because he is proceeding pro se, Plaintiff was warned pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Motion could result in the dismissal of his claims. Plaintiff timely filed a Response (Document # 40). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this Motion is potentially dispositive of Plaintiff's claims, this Report and Recommendation is entered for review by the District Judge.

**II.    FACTS AND FACTUAL ALLEGATIONS**

On February 13, 2011, while housed at the York County Detention Center (YCDC), Plaintiff was charged with disciplinary infractions for disorderly conduct and disrespect and Defendant Officer Charles Chapman and another officer moved him from the segregation unit to a maximum

security cell. Chapman Aff. ¶ 4 (Ex. to Def. Motion). During this process, Plaintiff had an encounter with Chapman and Chapman summoned several back-up officers for assistance, including Defendant Sergeant Rodney Hope. Chapman Aff. ¶¶ 5-6. Plaintiff was then placed in a restraint chair and later released to his cell. Chapman Aff. ¶¶ 7, 10-11.

Plaintiff avers that Chapman and another officer grabbed him by the arm and shoved him into a wall as they escorted him to the maximum security cell and the other officer pulled out his baton but it slipped from his hand. He avers that ten minutes later Chapman, Hope and two other officers placed him in a restraint chair and started choking him, punching him in the chest and twisting his ankle. Pl. Aff. pp. 1-2 (attached to Complaint).

Chapman avers that, as he escorted Plaintiff to the maximum security cell, Plaintiff became angry, slammed to the wall a bag (formed out of a mattress cover) containing his personal belongings, motioned towards him in an aggressive manner as if he was going to take a swing at him. Chapman Aff. ¶ 5. He further avers that Plaintiff was in the restraint chair for fifteen minutes. Chapman Aff. ¶ 11. He denies any of the excessive force alleged by Plaintiff. Chapman Aff. ¶¶ 12-13. Hope avers that upon being summoned by Chapman, he observed Plaintiff being extremely aggressive and combative with the other officers. Hope Aff. ¶¶ 4-5 (Ex. to Def. Motion). As a result of his aggressive behavior, Plaintiff was placed in a restraint chair and officers utilized pressure-point techniques as they were placing him in the chair to bring Plaintiff under control. Hope Aff. ¶ 6. Hope denies any of the excessive force alleged by Plaintiff. Hope Aff. ¶¶ 12-13.

### III.     STANDARD OF REVIEW

Defendants move for dismissal, or in the alternative, for summary judgment. Because both Plaintiff and Defendants refer to exhibits to support their arguments, this motion is properly analyzed

under Rule 56, Fed.R.Civ.P.  See Rule 12(d), Fed. R.Civ.P.

The moving party bears the burden of showing that summary judgment is proper.  Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof.  Celotex, 477 U.S. 317.  Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial.  Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party.  Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991).  However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment.  Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992).  The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits."  Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings.  See Celotex, 477 U.S. at 324.  Rather, the party must present evidence supporting his or her position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers,

or other materials." Fed.R.Civ.P. 56(c)(1)(A); see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## IV.    DISCUSSION

Defendants have pleaded the affirmative defense of failure to exhaust administrative remedies. Under the Prison Litigation Reform Act ("PLRA"), a prisoner is required to exhaust his administrative remedies before filing an action concerning his confinement. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). This provision is mandatory, and prisoners must exhaust all available remedies, even those where the relief requested cannot be granted administratively. Booth v. Churner, 532 U.S. 731, 739 (2001). Exhaustion is required in all suits challenging prison conditions, not just suits brought under § 1983. Porter v. Nussle, 534 U.S. 516, 524 (2002).  "Proper exhaustion" is required. Woodford v. Ngo, 548 U.S. 81, 94-95 (2006).

The YCDC provides all inmates with an administrative process which is available for the expression and resolution of problems related to the conditions of their confinement. If the inmate is unable to reach an informal solution, he must complete a Grievance Form detailing the specific problem and all attempted informal resolutions within 72 hours of the date of the incident. The Grievance Form can be given to any YCDC officer and it will be forwarded to the Assistant Administrator/Security Commander and/or Watch Commander, who has seven days to investigate the grievance and respond in writing with a decision. If the inmate is unsatisfied with the response, the inmate must appeal the decision by writing a letter to the Chief Administrator within seven days

of receipt of the decision. The Chief Administrator then has seven days to send a written reply to the inmate. Arwood Aff. ¶¶ 4-11; YCDC Inmate Grievances Policy (attached as Ex. A to Arwood Aff.).

Plaintiff did not file any grievance or otherwise initiate any appeal with respect to either having been allegedly assaulted by YCDC staff members or the use of the restraint chair on February 13, 2011.[1] Arwood Aff. ¶ 14. Plaintiff alleges that he asked for a grievance form once he was released from the restraint chair but was denied because, once an inmate is placed in a restraint chair, his cell is stripped for 72 hours. Complaint p. 4.

The Fourth Circuit Court of Appeals has recognized that an administrative remedy is not considered to have been available if a prisoner, "through no fault of his own, was prevented from availing himself of it." See Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). Thus, "when prison officials prevent inmates from using the administrative process . . ., the process that exists on paper becomes unavailable in reality." Bacon v. Greene, 319 F. App'x 256, 257-58 (4th Cir. 2009) (quoting Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006)); see also Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (stating administrative remedy rendered unavailable when prison officials prevent prisoner from using it). However, "to show that a grievance procedure was not 'available,' a prisoner must adduce facts showing that he was prevented, through no fault of his own, from availing himself of that procedure." Graham v. Gentry, 413 F. App'x 660, 663 (4th Cir.2011); see also Moore v. Bennette, 517 F.3d 717, 725 (4th Cir.2008). Therefore, Plaintiff carries the burden of

---

[1] Plaintiff attaches to his Complaint two Inmate Grievance Forms, dated August 25, 2011, and October 21, 2011. These grievances involve, respectively, verbal harassment by Hope on August 25, 2011, and the failure of officers to provide Plaintiff with requested policies and procedures. These grievances are unrelated to the allegations in Plaintiff's Complaint.

showing that YCDC's grievance procedure was unavailable to him. See Graham, 413 F. App'x at 663.

Arwood avers that Plaintiff was not denied a grievance form. Arwood Aff. ¶ 14. Plaintiff fails to present any evidence to support his allegation that Defendant prevented him from filing a grievance. Conclusory allegations, without more, are insufficient to create an issue of fact. Celotex, 477 U.S. at 324. Further, Plaintiff fails to show that he ever attempted to file a grievance with respect to this incident at any time. In sum, because Plaintiff failed to exhaust his administrative remedies with respect the allegations in his Complaint, summary judgment is appropriate.

## V.     CONCLUSION

For the reasons discussed above, it is recommended that Defendants' Motion for Summary Judgment (Document # 33) be granted and this case dismissed in its entirety.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 22, 2014
Florence, South Carolina

**The parties are directed to the important information on the following page.**