UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
Florence DIVISION

| | |
|---|---|
| Jason A. Johnson, a/k/a Jason Alan Johnson,<br><br>       Plaintiff,<br><br>v.<br><br>Chief Freddie Arwood, Ofc. Chapman, and Sgt. Rodney Hope,<br><br>       Defendants. | Civil Action No. 4:13-cv-2525-MGL<br><br>**OPINION AND ORDER** |

Plaintiff Jason A. Johnson, a/k/a Jason Alan Johnson, ("Plaintiff"), proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 alleging violation of his constitutional rights. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pre-trial handling and a Report and Recommendation. On February 24, 2014, Defendants filed a motion for summary judgment claiming an absence of evidence to support Plaintiff's claims. (ECF No. 33.) Because Plaintiff is *pro se* in this matter, the Court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) on February 25, 2014, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. (ECF No. 35.) Plaintiff filed his response in opposition to the motion for summary judgment on March 12, 2014. (ECF No. 40.)

On April 22, 2014, the Magistrate Judge issued a Report recommending that Defendants' motion for summary judgment be granted, and that this case be dismissed based on Plaintiff's failure to exhaust his administrative remedies prior to filing this lawsuit. The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423

U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

The Court has conducted the required *de novo* review and finds Plaintiff's objections are without merit, and are thus overruled. After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts, applies the correct principles of law concerning exhaustion of administrative remedies, and fully addresses the entirety of Plaintiff's arguments. Plaintiff's objection fails to identify any error in the Magistrate Judge's well-reasoned and supported analysis. Moreover, Plaintiff fails to direct the Court to any evidence in the record to support his contentions that the Magistrate Judge erred in his decision to recommend the grant of summary judgment to Defendants.

After a careful review of the record, the applicable law, and the Report and Recommendation and Objections, the Court finds the Magistrate Judge's recommendation to be proper. Accordingly,

the Court adopts and incorporates the Report and Recommendation (ECF No. 53) by reference into this order. It is therefore ORDERED that Defendants' motion for Summary Judgment (ECF No. 33) is GRANTED and this case dismissed.

    IT IS SO ORDERED.

s/Mary G. Lewis  
United States District Judge

Spartanburg, South Carolina  
July 29, 2014